[No. 13471. In Bank. — August 1, 1890.]

## MARIA J. ARZAGA, RESPONDENT, *v.* RAFAEL VILLALBA, APPELLANT.

DAMAGES — CONVERSION — EXPENSES OF PURSUIT OF PROPERTY — FORM OF ACTION. — The plaintiff may recover compensation for the pursuit of the property (under our statute) in an action to recover the property itself as well as in an action for its conversion, provided his complaint be framed for that purpose.

CONVERSION — DEMAND AND REFUSAL — PLEADING. — If defendant took plaintiff's property, and refused to return it on demand, there is a conversion, and an allegation of these facts sufficiently shows a conversion.

DAMAGES — EXEMPLARY DAMAGES — MALICE — OPPRESSION. — In case of malice or oppression, the jury may give damages by way of punishment for the offense, in addition to the actual damages.

EXEMPLARY DAMAGES — POSSESSION UNDER PROVISIONAL PROCESS. — The fact that the plaintiff has obtained possession of the property under provisional process does not affect the question of exemplary damages.

EXEMPLARY DAMAGES — FORM OF ACTION. — Exemplary damages may be recovered in an action to recover the property itself as well as in an action for its conversion.

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion.

*W. C. Stratton*, for Appellant.

*Fernald, Cope & Boyce*, for Respondent.

HAYNE, C. — This was an action for the recovery of personal property and damages. The plaintiff obtained judgment for the possession of the property, or its value in the sum of $350, and for the sum of $530 damages.

1. The defendant contends that there is no evidence that justifies the award of damages. And it is quite true that there is no evidence of actual damage (the property itself having been returned) beyond a small sum expended in pursuit of the property. But "in any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppres-

sion, fraud, or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant." (Civ. Code, sec. 3294.)

And we think that the circumstances of the case justified the award which the jury made. The plaintiff was the daughter of the defendant, and lived in his house with her two children, one of whom was about four years old, and the other a baby. The property consisted principally of her clothes and furniture. There is evidence tending to show that, about ten days after her mother's death, the defendant became angry with the plaintiff because she refused to try to have her mother's will set aside; that on January 3, 1889, she went to a neighboring town to get some medicine, and on her return found that defendant had put new locks on the doors, so that she could not get in. She says: "I slept in an outhouse the night of January 3d; it is an unfinished house, a little farm-house, an old house that they use to keep grain in." It appears that this house was not unoccupied, and that she did not have to sleep on the floor, but had a bed. But she "was very sick at the time, and not able to work." And one of the neighbors to whom she applied says: "I saw her the next morning; the child was with her; the child was running at the nose and eyes, and he seemed to be all drawn up, like he was starved during the night; she looked miserable, and said she didn't sleep at all." The next day she asked her father for her things, but he refused to give them to her, and retained them until they were taken from him under the process of the court.

There is evidence tending to contradict some of the foregoing; but wherever there is a conflict, it must be presumed that the evidence tending to support the judgment is true. And assuming that it is true, we think that there was such oppression on the part of the defendant as justified the award of the jury.

It makes no difference with respect to the exemplary damages that, pending the proceedings, the plaintiff obtained possession of the property under the process of the court. That could affect only the judgment for the value of the property. It does not affect the exemplary damages. Section 626 of the Code of Civil Procedure does not establish a different rule.

2. The defendant contends that the court erred in instructing the jury that the action was for the conversion of personal property, and that in such an action they could give exemplary damages if they believed that there was malice, etc. The argument is, that this was not an action for the conversion of personal property, but was for the recovery of the property itself. But whatever may be the distinction between the two actions, it is not important here; for the provision of the Civil Code above quoted does not confine the recovery of exemplary damages to actions for the conversion of the property. It says, "in an action for the breach of an obligation not arising from contract"; which is certainly broad enough to include both the actions above referred to. The court, therefore, was right in telling the jury that if they believed that there was malice, etc., they could give exemplary damages. And if it called the action by a wrong name, the mistake was immaterial.

3. It is urged that, under the cases of *Kelly* v. *McKibben*, 54 Cal. 195, and *Redington* v. *Nunan*, 60 Cal. 632, the plaintiff cannot recover what she expended in pursuit of the property. These cases seem to lay down the rule that expenses in pursuit of the property can be recovered only in actions "for" the conversion, and not in actions to recover the property itself. Undoubtedly the property itself is a different thing from damages for its conversion. The pleader may unquestionably omit one of them. He may not allege any damages from the conversion; and if not, he cannot recover any. In that sense, it is true that in an action to recover the property

itself (i. e., the property *only*) the plaintiff cannot recover damages for the conversion. But it is perfectly clear that the party may have sustained damages from the conversion outside of the loss of the value of the property itself. The code expressly provides that "the detriment caused by the wrongful conversion of personal property is presumed to be: .... 3. A fair compensation for the time and money properly expended in pursuit of the property." (Civ. Code, sec. 3336.) If, therefore, he has made such expenditures, he is entitled to recover them as damages for the wrongful act of the defendant. He is also undoubtedly entitled to a recovery of the property itself, if possession thereof can be had. Why should he be compelled to waive one or the other, or to bring separate actions for relief on account of the same wrong? To say that the expenses of pursuit can be recovered in an action for the conversion, but not in an action for the property itself, is to say that the expenses of pursuit can be recovered where the party abandons the pursuit, but not where he follows it up, and is successful; in other words, that the expenses of pursuit cannot be recovered when he pursues, but only when he ceases to do so. We can perceive no reason for such a result. There is nothing in the statute which points to it. The provision establishes the measure of damages for "the wrongful conversion of personal property." And we do not see any reason for saying that this means that the damages can be recovered only in the old rigid form of action in which a recovery therefor used to be allowed at common law. Under the code, if a complaint states a cause of action of any kind, a recovery may be had accordingly. As above stated, a recovery of the expenses of pursuit is not inconsistent with a recovery in the same action of the property itself. And if it were, the misjoinder would have to be objected to in some appropriate way. That part of the case cannot be simply disregarded.

The form of the judgment does not make this conclusion. The argument in this regard is, that in cases where the possession can be had, to apply the measure of damages established by section 3336 would be to give the plaintiff both the property and its value. But the judgment must always be in the alternative. Even where the possession not only can be but has been delivered (under provisional process), the judgment must nevertheless be for the recovery of the property, or its value in a specified sum in case possession cannot be had. (Berson v. Nunan, 63 Cal. 552; Brichman v. Ross, 67 Cal. 606.) And it by no means follows that the plaintiff is to have both the property and its value. So far as this part of the judgment is concerned, it is for one thing or the other, not both; and if possession has already been delivered to the plaintiff, the court would not allow him to proceed with his execution for that part of the judgment. But that would not affect the other parts. As to the damages, the judgment is not required to be in the alternative. The form of the judgment, therefore, does not show that the expenses of pursuit cannot be recovered in an action for the property itself. On the contrary, it tends to support the conclusion at which we have arrived. For it cannot ordinarily be known with certainty whether or not possession of the property itself can be had until the alternative judgment comes to be executed. And if the expenses of pursuit cannot be included in such a judgment, and it should turn out that possession cannot be had, then the plaintiff would obtain only the bare value of the property, although the statute expressly gives him the expenses of pursuit in addition.

For these reasons, we think that the doctrine of the decisions referred to must be limited to cases where the plaintiff has so framed his complaint as to seek only a recovery of the property, and has not alleged any damages, but that when he makes proper allegations of

damage he may have judgment for it, as well as for the property itself.

In the present case, the complaint alleges that the defendant took the plaintiff's property and refused to return it on demand.  This amounted to a conversion.  (*Wood* v. *McDonald*, 66 Cal. 548; *Doyle* v. *Callaghan*, 67 Cal. 155.) The evidence sustained the allegation.  And we think that the statutory measure of damages for a conversion applies.

4. The conversation between the plaintiff and her mother in regard to her remaining in the house (which must have occurred before the mother's death, and consequently some time before the occurrence in question), was clearly irrelevant, and the objection to it was properly sustained.

As above stated, the form of the judgment was proper. We therefore advise that the judgment be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.