### DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF CALIFORNIA.

---

[No. 14620. Department One. — December 8, 1892.]

## J. T. GORMAN, RESPONDENT, v. THE SOUTHERN PACIFIC COMPANY, APPELLANT.

$$\begin{array}{cc} 97 & 1 \\ 109 & 107 \\ 97 & 1 \\ c113 & 115 \\ 97 & 1 \\ 121 & 141 \end{array}$$

RAILROADS — WRONGFUL EJECTION OF PASSENGER — LIABILITY FOR DAMAGES. — If a passenger upon a railroad train has paid his fare, he cannot be ejected because he refuses to pay a second time, and if he is so ejected, the company will be liable to him in damages.

ID. — MISTAKE OF CONDUCTOR AS TO NON-PAYMENT OF FARE. — It is no defense to an action by a passenger against a railroad company for a wrongful expulsion that its conductor was honestly mistaken in believing that the passenger had not paid his fare.

ID. — MEASURE OF DAMAGES — INJURY TO FEELINGS. — Although the meas. ure of damages in an ordinary case of wrongful expulsion of a passenger from a railroad train, without unnecessary violence or insult, and from which no bodily injury results, is the cost of a ticket from the point of expulsion to the passenger's destination, together with an allowance for such damages as actually result from loss of time, yet when the expul. sion is accompanied by undue violence, or by insult and abuse, the jury is authorized to consider the injured feelings of the plaintiff, the indignity endured, his mental suffering, the humiliation and wounded pride which one in his condition in life and standing in the community would experience, and to award him compensatory damages therefor.

ID. — BREACH OF CARRIER'S DUTY — ACTION IN TORT — PUNITIVE DAMAGES. — The wrongful expelling of a passenger from a railroad train is a breach of duty on the part of the carrier, for which an action in tort will lie to recover damages; and in such action punitive as well as actual damages are recoverable, if the circumstances of the particular case warrant such recovery.

ID. — WANTON TRESPASS — PROVINCE OF JURY — EXCESSIVE DAMAGES. — Where a trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of great hardship and oppression, the measure and amount of damages are

matters for the jury alone; and the court will not disturb the verdict on the ground that the damages are excessive, unless the amount of damages is so disproportionate to the injury proved as to make it clear that the jury, in rendering the verdict, must have acted under the influence of passion or prejudice.

ID, — UNNECESSARY VIOLENCE AND INSULT TO PASSENGER — DAMAGES NOT EXCESSIVE. — A verdict of five hundred dollars damages for the wrongful expulsion of a passenger from a railroad train cannot be said to be excessive, where it appears from the evidence of the passenger that the conductor used unnecessary violence and insult, which caused mental suffering and humiliation upon the part of the passenger.

APPEAL from a judgment of the Superior Court of Contra Costa County, and from an order denying a new trial.

The facts are stated in the opinion.

*James C. Martin*, and *A. A. Moore*, for Appellant.

Punitive damages are not authorized in such an action as this, but the measure of damages is compensation only for the actual damage. (*Tarbell* v. *Central Pacific R. R. Co.*, 34 Cal. 617; Beach on Railways, pars. 890, 891; *Huntsman* v. *Great Western R'y Co.*, 20 U. C. Q. B. 24; *Turner* v. *North Beach etc. R. R. Co.*, 34 Cal. 594.) Punitive damages can only be awarded against a railway carrier for wrongful expulsion when the action is founded in tort. (*Head* v. *Georgia Pac. R'y Co.*, 79 Ga. 358; 11 Am. St. Rep. 434.)

*Eli R. Chase, John L. Chase*, and *Chase & Miller*, for Respondent.

The plaintiff was clearly entitled to exemplary damages, and the damages given were not excessive. (*Jones* v. *Steamship Cortes*, 17 Cal. 487, 499; 79 Am. Dec. 142; *Indianapolis etc. R. R. Co.* v. *Mulligan*, 50 Ind. 392.) A verdict should not be disturbed on the ground of excessive damages, unless the amount is so excessive as to indicate passion or prejudice. (*Taylor* v. *California Stage Co.*, 6 Cal. 230; *Weaver* v. *Page*, 6 Cal. 685; *Aldrich* v. *Palmer*, 24 Cal. 516, 517.)

BELCHER, C. — The plaintiff brought this action to recover damages, resulting from his wrongful expulsion from a railroad train owned and operated by the defendant.

It is alleged in the complaint that on the twenty-first day of May, 1890, plaintiff was desirous of being conveyed from Antioch, in Contra Costa County, to Bethany, in San Joaquin County, upon defendant's railroad train, and that he paid to defendant's agent at Antioch the usual fare for that purpose, and received in return a ticket entitling him to such conveyance on the regular passenger train running between the two places named; that he got aboard the train, and soon after leaving Antioch the conductor thereof took up his ticket, and thereafter, and before reaching Bethany, to which place the ticket entitled him to ride upon the train, forcibly and with violence expelled and ejected him from the train, and refused him the privilege of riding thereon the balance of the distance to Bethany, about twenty miles; that he sustained damages in consequence of his forcible and violent ejectment from the train, as aforesaid, in the sum of ten thousand dollars, for which he asked judgment.

The answer of the defendant denied that plaintiff had any ticket or was forcibly or violently ejected from the train; admitted that he boarded the train at the place charged, and alleged that he never exhibited or showed a ticket, but, to the contrary, paid his fare to the next station from Antioch, and thereafter, before reaching Bethany, upon his refusal to pay further fare, he was given the usual and necessary time to present his ticket or pay, and doing neither, was requested by the conductor to vacate the train at a station and near to divers dwelling-houses, and that he did so vacate while the train was standing still.

The case was tried before a jury, and a verdict returned in favor of the plaintiff for five hundred dollars, on which judgment was entered.

The defendant appeals from the judgment, and an order denying its motion for a new trial.

The principal contention on the part of the appellant is, that the case was not one in which exemplary damages could be allowed, and that the damages awarded by the jury were excessive.

At the trial, the plaintiff testified that he bought a ticket and got on the train at Antioch, as stated in the complaint, and his testimony in this regard was confirmed by the station agent. He then proceeded as follows: " Soon after the train left, the conductor, Mr. Nightingill, asked for my ticket, and I gave it to him. We ran to the next station, and just after we left, the conductor came to me again —the same one — and asked for my ticket. I said: ' I gave it to you just after leaving Antioch.' He said I did not, and that I must pay my fare or show a ticket, or get off the train. I repeated that I had paid my fare once by buying a ticket, which I gave to him; this he denied, and immediately seized the bell-rope over his head with one arm, and took me by the collar of the coat with the other, just as you would grab a dog. He threw me up in this way against the door, and pulled me out to the platform, and shoved me so violently down that when I got about two steps down I says: ' For God's sake, don't break my neck.' He said, ' Get off.' . . . . When I finally left the train, it had not fully stopped. . . . . When the conductor took my ticket, he put it in his pocket. When he asked me the second time for a ticket after leaving Brentwood, I wanted him to look in his pocket and he would find it as proof, but he would not give time to consider that matter at all, but took me violently, and all of a sudden he grabbed me by the coat-collar and lifted me up off my feet and shoved me before him out of the door. . . . . When the conductor took me by the collar, it did not hurt me, — that is, it did not hurt me physically. I was not hurt, except that it hurt my feelings to be put off in the presence of other people as if I had n't paid my fare."

The conductor was called as a witness by the defendant, and testified that he did not take up or receive any ticket from the plaintiff, and did not use any violence towards him or seize him by the collar, or put his hand upon him at all; that when he first called for the ticket plaintiff said he wanted to go to Brentwood, the next station, and paid his fare thereto, thirty-five cents, by giving to witness a dollar and receiving back the change; that on leaving Brentwood, witness again asked plaintiff for his fare, and told him he must pay his fare, show a ticket, or get off the train, and plaintiff said, " Stop your train, then, and I will get off"; and that he stopped the train in the immediate vicinity of the station, and plaintiff stepped off, without any violence and without being touched.

In rebuttal, the plaintiff testified: " I did not say to the conductor, after leaving Brentwood, as he testified, to stop the train and I would get off, nor nothing purporting to convey that idea.   I did not get off voluntarily from the train; there would be no object in my getting off.   I did not give him a dollar for my fare from Antioch to Brentwood, and he did not give me any change back; we never had one word from the time he took my ticket until we passed Brentwood."

It clearly appears from the verdict that the jurors believed the plaintiff, and not the conductor, and it must therefore be assumed that the plaintiff was ejected from the train in the manner and under the circumstances stated by him.   But assuming this to be so, it is still claimed for appellant that plaintiff was entitled to recover only his actual damage, and that the amount allowed was entirely excessive.

If a passenger refuses to pay his fare or to exhibit or surrender his ticket when reasonably requested so to do, the conductor may put him and his baggage out of the cars, using no unnecessary force, at any usual stopping-place, or near any dwelling-house, on stopping the train. (Civ. Code, sec. 487.)   But if a passenger has once paid his fare, he cannot be ejected because he refuses to pay

a second time, and if he is so ejected, the company will be liable to him in damages. (Beach on Railways, sec. 881.) And it will be no defense to an action against the company for a wrongful expulsion that its conductor was honestly mistaken. (*Quigley* v. *Central Pacific R. R. Co.*, 11 Nev. 350; 21 Am. Rep. 757; *Hamilton* v. *Third Avenue R. R. Co.*, 53 N. Y. 25.)

The measure of damages in an ordinary case of wrongful expulsion, without unnecessary violence or insult, and from which no bodily injury results, is the cost of a ticket from the point of expulsion to the passenger's destination, together with an allowance for such damages as actually result from loss of time. But when the expulsion is accompanied by undue violence, or by insult and abuse, the jury is authorized to consider the injured feelings of the plaintiff, the indignity endured, his mental suffering, the humiliation and wounded pride which one in his condition in life and standing in the community would experience, and to award him compensatory damages therefor. (Beach on Railways, secs. 890, 891, and cases cited.)

When a passenger is wrongfully expelled from a train, it is a breach of duty on the part of the carrier, and an action in tort will lie to recover damages. (Redfield on Carriers, sec. 422; Beach on Railways, sec. 887; *Head* v. *Georgia Pacific R'y Co.*, 79 Ga. 358; 11 Am. St. Rep. 434.) In the case last cited, it was held that (we quote from the *syllabus*) " an action on the case by a passenger against a railway company for wrongfully expelling him from a train with force and violence, though the declaration allege a contract for carriage, is not for breach of the contract, but for a tort by breach of duty, and punitive as well as actual damages are recoverable, if the circumstances of the particular case warrant such recovery."

The Civil Code, section 3294, provides: " In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the jury, in

addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant."

Here the action was clearly in tort for breach of duty, and under the section of the code quoted, the jury was authorized to give exemplary damages, if, in expelling the plaintiff, the defendant was guilty of oppression, fraud, or violence, actual or presumed.

The question then is, Can it be said, in view of the facts proved and the well-settled rules of law above stated, that the damages were so excessive as to justify the court in disturbing the verdict on that ground?

" The rule is well settled, that where a trespass is committed from wanton or malicious motives, or a reckless disregard of the rights of others, or under circumstances of great hardship and oppression, the measure and amount of damages are matters for the jury alone.   In such cases courts will not disturb the verdict on the ground that the damages are excessive, unless the amount of damages is so disproportionate to the injury proved as to make it clear that the jury, in rendering the verdict, must have acted under the influence of passion or prejudice." (*Russell* v. *Dennison*, 45 Cal. 337.)

We see nothing in this case to indicate that the jury acted under the influence of passion or prejudice, and in our opinion, the verdict cannot be disturbed on the ground that the damages were excessive.

It is also contended for appellant that the court erred in giving certain instructions and in refusing to give other instructions to the jury.

The instructions given stated the law of the case fully and fairly, and we think correctly.   The instructions refused were asked upon the theory that the plaintiff could in no event recover more than his actual damages, and that such damages could not exceed the cost of a ticket from the point where he was expelled to the point of his destination, together with a reasonable allowance for his loss of time.

We see no prejudicial error in the action of the court

upon the instructions given and refused, and in our opinion, the judgment and order appealed from should be affirmed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

PATERSON, J., HARRISON, J., GAROUTTE, J.