Minshall, J.
We think there can be no question but that the petition states a cause of action founded on tort' — the wrong of the defendant by its agent in ejecting the plaintiff and his son from the train. Then do the facts contained in the agreed statement support the complaint? We think they do. The plaintiff and his son were at Loveland, and each had a ticket which required the company to carry them to South Lebanon that day, on anjr train stopping at that place. He inquired of the agent at the station if a train then approaching was the train for him to take. The agent said it was, and that it was the only train that would stop at his destination that afternoon. He then with his son boarded the train. It proved to be a wrong one. This was the fault of the company; and he and his son were, afterward, and before reaching their destination, ejected, because under the instructions the conductor had from the company, it was his duty to do so. The argument in support of thé company’s claim is, that the agent under the circumstances, had the right to eject them, as the tickets did not authorize the plaintiff and his son to ride on that train, because it did not under its schedule, stop at the plaintiff’s destination. And, therefore, the plaintiff’s .remedy was for a breach *379 of the contract, and a different measure of damages would apply -in such case.
It may be observed that under the code this was not a sufficient reason for the judgment of the common pleas dismissing the action. For if the agreed statement showed the plaintiff entitled to any relief upon the averments of the petition, the court should have awarded it.- It makes no difference what the plaintiff may regard the nature of the wrong of which he complains, if the facts stated show that it is a wrong for which he should be compensated in ’ damages, and the proof supports his petition. But this is not material here, as we regard the facts disclosed by the agreed statement, as constituting a tort, and for which damages should- have been assessed him by the court under the case made in his petition.
There are some cases which seem to support the contention of the plaintiff in error, but they, as does the reasoning of the plaintiff in error, depend upon what seems to be an evident fallacy. They assume as a premise, that the act of the conductor in putting the plaintiff off, was rightful, and, therefore, the company cannot be held guilty of a tort. But the act of the conductor is immaterial except as it affects the liability of the company. The suit is not against him but against the company. As between the conductor and the company, the latter may have no right to complain of him. He violated no duty he owed to the company. He simply obeyed his instructions as received from the company, applicable to such a case. Therefore, it may well be said, that as between him and the company, the conduct of the conductor was rightful. But as between the company and the passenger, the question is wholly a different'one. *380 Where a company by the act of a proper agent, causes a passenger, as in this • case, to take the wrong train — one that does not stop at his station —it must be held to have contemplated, that under the instruction given its conductor, the passenger would be put off the train as soon as the error should be discovered by the conductor, unless he should, as demanded, pay additional fare and be carried beyond his station. The act of the first agent of the company, misdirecting the passenger, is the wrongful act for which the company becomes liable in tort, and the act of the conductor in ejecting him is a consequence of the first wrongful act — is the proximate cause of the passenger being ejected; and as against the passenger, the act of the conductor in ejecting him, being the act of the company, is wrongful. The fallacy, as before stated, arises out of the mistaken assumption, that the act of the conductor is rightful as against the passenger. This can in no instance be the case, where the company is responsible for the mistake of the passenger in taking the wrong train. All the cases cited in support of the contention of the plaintiff in error, that in any way do so, are based on the fallacy that the conductor had the right to eject the passenger, when, as a matter of law, the real question is, whether the act of the company done by its agent, is rightful as against the ejected party. The question may be simplified by eliminating the fact of agency in each instance; that is, by supposing that the- common carrier in each instance, acts for himself or itself. Here no mind would doubt but that the carrier, having instructed the passenger to take one of his trains, with knowledge of his destination, would be a wrong-doer, should he on discovering his own mis *381 take, eject him from the train, on the ground that he had taken the wrong train. But the intervention of an agent, by whom the act is done in each instance, does not change the ease. For each act of the agent, done in the scope of his agency, must be imputed to the principal — is, in law, the act of the principal. To use the language of Chief Justice Ryan, in Craker v. Railway Co., 36 Wis., 674, ''Quoad this contract and this passenger, the corporation was present on this train to care for her (the passenger,) represented by the officers of the train, who possessed, pro hac vice the.whole power and authority, and were the living embodi-' ment of the real ideal entity which made the contract, was bound to keep it, and is appellant here to contend that it has no responsibility for the . flagrant violation of the contract, which the respondent paid it to make and to keep, as its sole present representative appointed to keep it on its be- ■ half.”
The plaintiff in error claims that the case of Shelton v. Railway Company, 29 Ohio, St. 214, is decisive of this. There the plaintiff on a commutation ticket, had gone on the train from his home to Cleveland. For some claimed irreg’ularity in the ticket, it was taken up by the conductor of that train and returned to the general agent of the company, of which he notified the plaintiff. “ In the afternoon of the same day,” as stated in the report of the case, “the plaintiff not having recovered the commutation ticket, nor provided himself with a ticket, entered the defendant’s cars at Cleveland, which were then in charge of another conductor, to return to Vermillion, and was put off the cars at Berea, a regular station on the line, of defendant’s railway, by the conductor then m charge of *382 the train, for refusing to pay' the fare prescribed by the defendant for a passage from Cleveland to Vermillion, for which last mentioned injury the action was brought. ’ ’ The court held that the plaintiff could not, under these circumstances, maintain an action for being put off the train; and that his' remedy was for the wrongful taking up of the ticket by the first conductor. When he took the train at Cleveland, he knew his ticket had been taken up, and must have known that he would be put off before reaching his home. He took the train to return with this knowledge, and his ejection was the result of his own fault. He should either, in this case, have purchased a ticket to return on or have paid fare when demanded. A party cannot, as a rule, recover damages for the aggravation of an injury caused by his own fault. In the case before us, the plaintiff, when he took the train at Love-land, did so by the fault of the company, and could not then have anticipated that he would be put off before reaching his destination. His right of action, then, is for the wrongful expulsion.
The case of Railroad Co. v. Gants, 38 Kan. 608, cited by the plaintiff in error, and quoted from, is not in' point, for the reason that there it was by his own fault that the passenger took the wrong train and was ejected; he made no inquiries as to the train he should have taken.
Most of the cited cases are, for like reasons, not in point. They go no further than to require the passenger to submit to the enforcement of the reasonable rules of the company, and deny to him the right to resist expulsion and recover for such injuries as he may receive thereby, yet allow a recovery for all other damages resulting from his expulsion, where wrongful on the part of the *383 company. Thus in Railroad Co. v. Connell, 112 Ill. 295, it is said: “We entertain no doubt that appellee was entitled to recover the amount of the cost of a ticket from the place where he was ejected from the cars to New York. He was also entitled to recover such damages as he sustained on account of the delay occasioned by the expulsion and all additional expenses necessarily occasioned thereby, as well as reasonable damages for the indignity in being expelled from the train; but we perceive no ground upon which he can recover for the personal injuries received unless the expulsion was malicious or wanton.”
Not only the better reason, but the greater weight of authority are to the effect that when a passenger is ejected in a case like the present, he may recover damages as for a tort, for though the relation of the parties had its origin in contract, the ejection is in the nature of a tort, and he is not limited to such damages as would be proper in a mere breach of contract. In such cases it can make no difference to the passenger, so far as his injury is concerned, whether the wrong resulted from the breach of an obligation imposed by contract, or from the breach of a duty imposed by the law; the loss, inconvenience, delay and humiliation will be the same to him, and his damages should be measured by a like rule in either case.
On the question of the character of the plaintiff’s right of action and the measure of damages, and, also, on the liability of a company to a passenger ejected from one. of its trains, where, by the fault of its agents he took the wrong train, we refer to the following cases: Railroad Co. v. Roberts, 91 Ga. 513; McGinnis v. Railway Co.,21 Mo. App. 399; Gorman v. Railway Co., 97 Cal. 1; Railway *384 Co. v. Hennigh, 39 Ind. 509; Hufford v. Railroad Co., 64 Mich,. 631; Railway Co., v. Pauson, 70 Fed. Rep., 585. In the last ease the decisions are pretty fully collected and reviewed. Pennsylvania Co. v. Bray, 125 Ind. 229.
The general principle derived from the cases is, that where, by the fault of an agent of the company, a passenger takes the wrong train, or is without a ticket, or one imperfectly or erroneously stamped, or for any similar reason, and is ejected by the conductor of the train, in pursuance of the rules of the company, it is liable to him as for a tort. The rule concedes to the company the right to make reasonable rules for the conduct of its business and to require their enforcement by its agents. The contingency that in certain cases the company will be made liable by the act of its conductor in following its rules, where the appearances on which he acted were created by the fault of another agent, of which he had no knowledge, is a risk incident to the privilege enjoyed of making rules, and it should suffer for the fault of the agent that caused the mistake, rather than an innocent person.

Judgment affirmed.