In re Robert and Susana **BONNIFIELD,**
Debtors.

**AT & T UNIVERSAL CARD SERVICES CORP., Plaintiff,**

v.

**Robert and Susana BONNIFIELD,
Defendants.**

**Bankruptcy No. 92–11759.
Adv. No. 92–1327.**

United States Bankruptcy Court,
N.D. California.

May 6, 1993.

Lysbeth Goodman, Santa Rosa, CA, for plaintiff AT & T.

Amended Memorandum of Decision

ALAN JAROSLOVSKY, Bankruptcy Judge.

In late 1991 and early 1992, plaintiff AT & T Universal Card Services issued three different credit cards to debtors Robert and Susana Bonnifield. Two of the three cards were pre-approved, with application made by telephone. The third required a brief written application in which the debtors had to state their annual income. The debtors, who were heavily in debt at the time, quickly used up the allowable credit on the cards and made just two token payments. On July 6, 1992, they filed their Chapter 7 petition. By this adversary proceeding, AT & T seeks to have the debt declared nondischargeable pursuant to section 523(a)(2) of the Bankruptcy Code. It also seeks interest at the contract rate and attorneys' fees.

AT & T argues that the entire balance of all three cards should be declared nondischargeable because the debtors were hopelessly in debt when they obtained the cards. However, the court must find actual fraud before it can declare the debts nondischargeable. *In re Dougherty*, 84 B.R. 653, 657 (9th Cir.BAP 1988). While the financial condition of the debtors is certainly relevant and may, in some cases, provide evidence of fraud, in this case AT & T concedes that it did a full credit check of the debtors and knew their financial condition when it issued the cards. Debtors do not commit fraud just by using their credit cards when they are in debt, even heavily in debt. This is especially so when the creditor has done a credit check and knows the debtors' situation. The court accordingly finds that the charges made on

the first AT & T credit card are dischargeable.

■ However, in applying for their second card the debtors represented to AT & T that their annual income was $60,000.00 per year. This statement was false; their actual income for 1991 was only $27,000.00. The statement was material and induced AT & T to issue the card. The charge the debtors made using the second card, a $2,000.00 cash advance, must be found nondischargeable.

■ The dischargeability of the charges made on the third card are the most problematical, since there was again no written application. However, the court infers fraud based on the proximity of the charges to the bankruptcy, the luxury nature of some of the items purchased (or the use of cash advances to make payments on luxury items), the fact that the debtors exceeded their credit limit and never made a payment, and that they had made a previous false statement. The charges of $2,932.87 made on the third card are accordingly nondischargeable.

■ The court sees no basis for finding any of the finance charges to be nondischargeable. The language of section 523(a)(2) limits nondischargeable debt to money *to the extent* obtained by fraud. The debtors are not liable for breach of contract. AT & T is not entitled to recover its profits or the benefits of its bargain, but only the amount of money the debtors obtained from it by their fraud. See *In re Anguiano*, 99 B.R. 436 (9th Cir. BAP 1989).

■ Likewise, there is no basis for an award of attorneys' fees as prayed by AT & T. These do not represent money or services which the debtors obtained from AT & T, but merely a discharged obligation under a contract. An action under section 523(a)(2) is not a state law contract or tort action; it is purely a federal cause of action designed to implement the policies of the Bankruptcy Code. *In re Fulwiler* (9th Cir. 1980) 624 F.2d 908, 910. Attorneys' fees are recoverable in actions based on federal bankruptcy statutes only when the statute so provides, regardless of whether there is a contract providing for attorneys' fees. *In re Fobian*, 951 F.2d 1149 (9th Cir.1991); *In re Johnson*, 756 F.2d 738 (9th Cir.1985). Attorneys' fees are not recoverable by a creditor in a dischargeability action under the Bankruptcy Code. *In re Itule*, 114 B.R. 206, 213 (9th Cir.BAP 1990); *Matter of Smith*, 72 B.R. 300 (Brktcy.M.D.Fla.1987). To hold otherwise would render meaningless section 523(d), which provides for attorneys' fees in an action under 523(a)(2) under only one circumstance: where the debtor prevails in an action on a consumer debt and the action was not substantially justified.

The court is of course aware that the law in some other circuits is that a prevailing creditor in a dischargeability action is entitled to contractual attorneys' fees. See, e.g., *In re Martin*, 761 F.2d 1163 (6th Cir. 1985). However, those cases do not appear to be consistent with the law in this circuit as stated in *Fulwiler, Fobian*, and *Itule*. To the extent that *In re Silva*, 125 B.R. 28 (Bkrtcy.C.D.Cal.1991) and *Chase Manhattan Bank v. Birkland*, 98 B.R. 35 (W.D.Wash.1988), hold otherwise, the court believes that they are wrongly decided and declines to follow them.

For the foregoing reasons, the court will enter a judgment in favor of AT & T in the amount of $4,932.87, together with interest at the legal rate from and after March 2, 1992, and costs of suit but not attorneys' fees.

Counsel for AT & T shall submit an appropriate form of judgment. This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and Bankruptcy Rule 7052.