In re James E. **BUTCHER;** Hazel Marie Butcher, Debtors.

**SUNCLIPSE, INC.,** a California Corporation, Plaintiff,

v.

James E. **BUTCHER;** Hazel Marie Butcher; and Does 1 through 50, inclusive, Defendants.

Bankruptcy No. SA 94–16888 JR. Adv. No. SA 94–2186 JR.

United States Bankruptcy Court, C.D. California.

Sept. 3, 1996.

Gary A. Pemberton, Stradling, Yocca, Carlson & Rauth, Newport Beach, CA, for plaintiff.

Marvin M. Oliver, Law Offices of Marvin Maurice Oliver, Santa Ana, CA, for defendants.

## MEMORANDUM OPINION

JOHN E. RYAN, Bankruptcy Judge.

On October 17, 1994, Sunclipse, Inc. ("Plaintiff") filed a nondischargeability action against James E. Butcher and Hazel Marie Butcher (collectively "Debtors"). On March 11, 1996, I found for Plaintiff and held its claim nondischargeable under Bankruptcy Code (the "Code")[1] §§ 523(a)(2)(A), (a)(2)(B), and (a)(6).

Plaintiff filed a motion for attorneys fees, exemplary damages, prejudgment interest, and costs in connection with the judgment on the nondischargeability claim (the "Motion"). On June 10, 1996, I held a hearing on the Motion and took the matter under submission.

### JURISDICTION

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(a) (1996) (the district courts shall have original and exclusive jurisdiction of all cases under Title 11), 28 U.S.C. § 157(a) (1996) (authorizing the district courts to refer all Title 11 cases and proceedings to the bankruptcy judges for the district), and General Order No. 266, dated October 9, 1984 (referring all Title 11 cases and proceedings to the bankruptcy judges for the Central District of California). This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (I) (1996).

### STATEMENT OF FACTS

On October 17, 1994, Plaintiff filed an adversary proceeding against Debtors asserting three claims for relief. The first claim for relief was under Code § 523(a)(2)(B) and asserted that Debtors knowingly made, executed, and delivered false financial statements to Plaintiff for the purpose of obtaining property and for the extension, renewal, and refinancing of credit from Plaintiff. Plaintiff's second claim for relief stated that Debtors made false representations with the intent to obtain money, property, and/or extensions, renewals, or refinancing of credit. This claim was based on false pretenses, false representations, and/or actual fraud pursuant to Code § 523(a)(2)(A). Plaintiff's third claim for relief was for conversion of collateral pursuant to Code § 523(a)(6).

After trial, I held that Plaintiff prevailed on all three causes of action. *See* Official Transcript, *Sunclipse v. Butcher,* April 11, 1996 (Formal Findings of Fact Nos. 4, 11, 19 & 21 and Conclusions of Law Nos. 1, 2 & 3).

In addition to its actual losses, Plaintiff sought an award of attorneys fees, exemplary damages, prejudgment interest, and costs. I asked the parties to brief these additional requests and held a hearing on June 10, 1996. At that hearing, I took the Motion under submission.

### DISCUSSION

I. Plaintiff is Not Entitled to an Award of Attorneys Fees.

Plaintiff asserts that a defrauded creditor who successfully defeats a discharge pursuant to Code §§ 523(a)(2)(A) or (a)(2)(B) is entitled to recover its attorneys fees if it has a contractual right for those fees under state law. The underlying contract that governed Plaintiff's dischargeability action was a promissory note (the "Note") which contained a clause providing for attorneys fees if Plaintiff enforced the Note. Because Cali-

---

**1.** The Code is set forth in 11 U.S.C. §§ 101–1330 (1996).

fornia law permits recovery of attorneys fees,[2] Plaintiff contends that its attorneys fees should be added to its nondischargeable judgment.

Although the Note provided for attorneys fees, the adversary proceeding was necessary to determine whether Plaintiff's claim under the Note was dischargeable. "[T]he question of the applicability of bankruptcy laws to particular contracts is not a question of the enforceability of a contract but rather involves a unique, separate area of federal law." *Collingwood Grain, Inc. v. Coast Trading Company, Inc. (In re Coast Trading Co., Inc.)*, 744 F.2d 686, 693 (9th Cir. 1984); *Grove v. Fulwiler*, 624 F.2d 908, 910 (9th Cir.1980). An action in dischargeability is a federal cause of action, whereas "[o]n its face, [civil code] section 1717 applies only to actions 'on a contract.'" *In re Johnson*, 756 F.2d 738, 740 (9th Cir.1985).

■ Attorneys fees are not recoverable by a creditor in a dischargeability action under the Code. *AT & T Universal Card Servs. Corp. v. Bonnifield (In re Bonnifield)*, 154 B.R. 743, 745 (Bankr.N.D.Cal.1993); *In re Itule*, 114 B.R. 206, 213 (9th Cir. BAP1990); *see also Fulwiler*, 624 F.2d at 910 (interpreting § 17 of the Bankruptcy Act which was the former version of § 523(a)(2)); *Republic Bank v. Smith (Matter of Smith)*, 72 B.R. 300, 301 (Bankr.M.D.Fla.1987).

■ In *Grogan v. Garner*, 498 U.S. 279, 289, 111 S.Ct. 654, 660–61, 112 L.Ed.2d 755 (1991), the Supreme Court established that "Congress amended the Bankruptcy Act in 1970 to make nondischargeability a question of federal law independent of the issue of the validity of the underlying claim." *Id.* Attorneys fees are recoverable in actions based on the Code only if the Code provides the right regardless of state law. *Bonnifield*, 154 B.R. at 745 (quoting *Fobian v. Western Farm Credit Bank (In re Fobian)*, 951 F.2d 1149 (9th Cir.1991)).

Although Plaintiff only requested attorneys fees pursuant to Code § 523(a)(2), the same rationale holds true for Plaintiff's § 523(a)(6) claim. *See Star Limousine, Inc. v. Hammond (In re Gee)*, 173 B.R. 189 (9th Cir. BAP1994). Because Code §§ 523(a)(2) and (a)(6) do not provide for attorneys fees, Plaintiff is not entitled to its fees for prosecuting this nondischargeability action.[3]

## II. Plaintiff is Entitled to an Award of Exemplary Damages.

■ When punitive damages have been awarded, those damages are nondischargeable if a plaintiff establishes a § 523(a)(6) claim. *In re Levy*, 951 F.2d 196, 199 (9th Cir.1991); *see also Daghighfekr v. Mekhail (In re Daghighfekr)*, 161 B.R. 685, 687 (9th Cir. BAP1993). Although punitive damages will not survive the discharge exception pursuant to § 523(a)(2), punitive damages may be nondischargeable under § 523(a)(6). *Levy*, 951 F.2d at 199 ("[W]here the debtor inflicted 'willful or malicious injury,' such that punitive damages were awarded, the creditor should seek nondischargeability under 523(a)(6).").

Given the facts and circumstances here, the question is whether Plaintiff is entitled to punitive damages under its § 523(a)(6) claim. Plaintiff, relying on *Thompson v. Klause (In re Klause)*, 181 B.R. 487, 492 (Bankr.C.D.Cal. 1995), argues that I must look to state law to determine whether punitive damages should be granted.

California law permits an award of exemplary damages when the defendant is guilty

---

**2.** Plaintiff relies on California Civil Code ("CCC") § 1717(a). CCC § 1717(a) states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs....

Cal.Civ.Code § 1717(a) (West Supp.1996).

**3.** Although Plaintiff cites a variety of cases from other circuits that reach a different result, those cases are not persuasive here given the view of the Ninth Circuit on this issue. *See Matter of Jordan*, 927 F.2d 221, 227 (5th Cir.1991), *overruled by Coston v. Malvern*, 991 F.2d 257, 259 (5th Cir.1993); *Martin v. Bank of Germantown*, 761 F.2d 1163, 1168 (6th Cir.1985); *TranSouth Fin. Corp. of Fla. v. Johnson*, 931 F.2d 1505, 1509 (11th Cir.1991).

of "oppression, fraud, or malice." CCC § 3294(a) (West Supp.1996).[4] However, CCC § 3294(a) specifically states that it applies only to "an action for the breach of an obligation **not arising from contract**...." Cal.Civ.Code § 3294(a) (West Supp.1996) (emphasis added).

■■■ "The statutory scheme for allowance of punitive damages requires both a tort action and a finding of 'oppression, fraud, or malice.'" *Myers Bldg. Indus. v. Interface Technology, Inc.,* 13 Cal.App.4th 949, 961, 17 Cal.Rptr.2d 242 (1993) (citing Cal.Civ.Code § 3294(a)). In California, "an award of exemplary damages cannot be based on mere speculation; it depends instead on a definite showing of a willingness to vex, harass, or injure consistent with a wrongful intent to injure." *Roth v. Shell Oil Company,* 185 Cal.App.2d 676, 682, 8 Cal.Rptr. 514 (1960). "Punitive damages are appropriate if the defendant's acts are reprehensible, fraudulent or in blatant violation of law or policy.... [Punitive damages] are proper only when the tortious conduct rises to levels of extreme indifference to the plaintiff's rights, a level which decent citizens should not have to tolerate." *Tomaselli v. Transamerica Ins. Co.,* 25 Cal.App.4th 1269, 1286–87, 31 Cal.Rptr.2d 433 (1994).

Although Plaintiff does not address this argument in its brief, dischargeability actions pursuant to Code § 523 are considered federal causes of action. In *Fulwiler,* the Ninth Circuit emphasized the "strictly federal nature of the remedy afforded by Section 17." *Fulwiler,* 624 F.2d at 909 (Section 17 is the former version of Code § 523). Additionally, it stated:

> to promote uniformity of application, in 1970, amendments to the Bankruptcy Act

were enacted which granted exclusive jurisdiction to the bankruptcy courts over questions of dischargeability.... As has been recognized in the recent United States Supreme Court case of *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) ... these amendments created a new federal right of action not based on, nor identical to, any state cause of action. The 1970 amendments were passed to insure exclusive federal control over the federally created right of a discharge in bankruptcy.

*Id. (citing* Kuehne v. Huff (In re Huff), *1 B.R. 354, 356 (Bankr.D.Utah 1979)).*

■■■ In this case, I found that Debtors converted Plaintiff's collateral resulting in damages of $49,609.95 and held the debt nondischargeable under § 523(a)(6).[5] *See* Official Transcript, *Sunclipse v. Butcher,* April 11, 1996 (Formal Finding of Fact No. 59). I will look to state law to determine whether to grant punitive damages for the conversion claim under § 523(a)(6). California law allows punitive damages in an action for conversion. *See Haigler v. Donnelly,* 18 Cal.2d 674, 679, 117 P.2d 331 (1941).

■■■ Here, I found that Debtors "intended to cause willful and malicious injury to plaintiff through the alleged use of the plaintiff's collateral [and] they misrepresented the circumstances to Sunclipse to cover up what they were doing." *See* Official Transcript, *Sunclipse v. Butcher,* April 11, 1996 (Formal Findings of Fact Nos. 44–64, 71, 72 & 74). California law states that "exemplary damages may be recovered upon a proper showing of malice, fraud or oppression even though the tort incidentally involves a breach of contract." *Haigler,* 18 Cal.2d at 680, 117 P.2d 331 (citing *Gorman v. Southern Pacific*

---

4. CCC § 3294(a) states:
 In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.
 Cal.Civ.Code § 3294(a) (West Supp.1996).

5. Because Plaintiff received separate damage awards for breach of contract and conversion,

the issue of double recovery is avoided. "If there had been but one verdict based upon contract, punitive damages would have been improper." *All–West Design, Inc. v. Boozer,* 183 Cal.App.3d 1212, 1223, 228 Cal.Rptr. 736 (1986). I specifically awarded Plaintiff $70,379.22 in compensatory damages under the 1993 Note and the 1993 Security Agreement and $49,609.95 under the conversion claim. *See* Official Transcript, *Sunclipse v. Butcher,* April 11, 1996 (Formal Findings of Fact Nos. 59 & 74).

*Co.*, 97 Cal. 1, 6, 31 P. 1112 (1892)). "[E]xemplary damages are properly awardable in an action for conversion, given the required showing of malice, fraud or oppression. *Id.* at 680, 117 P.2d 331 (citing *Arzaga v. Villalba*, 85 Cal. 191, 24 P. 656 (1890)); *In re Brian S.*, 130 Cal.App.3d 523, 530, 181 Cal. Rptr. 778 (1982) ("[P]unitive damages may also be recovered in an action for conversion."); *Ferraro v. Pacific Fin. Corp.*, 8 Cal. App.3d 339, 350, 87 Cal.Rptr. 226 (1970) ("Exemplary damages are properly awardable in an action for conversion."). Plaintiff is "entitled to more than just the market value of the stolen goods [and] may seek punitive damages." *Brian S.*, 130 Cal.App.3d at 530, 181 Cal.Rptr. 778.

█ Plaintiff prevailed on a § 523(a)(6) cause of action because it successfully met the required three elements: "(1) willful conduct, (2) malice, and (3) causation." *Romesh Japra, M.D., F.A.C.C., Inc. v. Apte (In re Apte)*, 180 B.R. 223, 230 (9th Cir. BAP 1995) (citing *Britton v. Price*, 950 F.2d 602, 605 (9th Cir. BAP 1991)). To meet the malice requirement, Plaintiff "merely has to show 'the debtor's actual knowledge or the reasonable foreseeability that his conduct will result in injury' [and] that the [Debtors'] act 'necessarily produced' the harm." *Apte*, 180 B.R. at 232 (citing *Britton*, 950 F.2d at 605 & *Goldberg Securities, Inc. v. Scarlata (In re Scarlata)*, 112 B.R. 279, 292 (Bankr.N.D.Ill. 1990)).

Because Plaintiff's § 523(a)(6) claim arose from conversion, Plaintiff is entitled to exemplary damages under CCC § 3294(a). Accordingly, I grant Plaintiff punitive damages in the amount of $50,000.[6]

Exemplary damages are nondischargeable under § 523(a)(6) but not under § 523(a)(2).

The Ninth Circuit has stated "punitive damages are subject to findings of nondischargeability pursuant to section 523(a)(6)." *Britton*, 950 F.2d at 606 (citing *Moraes v. Adams*, 761 F.2d 1422, 1423 (9th Cir.1985)). Punitive damages, therefore, are not available under § 523(a)(2). *Levy*, 951 F.2d at 199.

III. Plaintiff is Entitled to Prejudgment Interest.

█ Plaintiff asks for prejudgment interest as compensation for the loss of the use of its money from the date of accrual of its claims to entry of judgment. Plaintiff relies on *Kukulka–Stone v. Ekrem (In re Ekrem)*, 192 B.R. 982, 996 (Bankr.C.D.Cal.1996), for the proposition that prejudgment interest may be awarded based on CCC § 3288.[7]

█ This adversary proceeding is based on three federal causes of action. The determination of prejudgment interest is, therefore, governed by federal law. "[The] availability of interest in an action arising under a federal statute is governed by federal law, not the law of the forum state." *Poleto v. Consolidated Rail Corp.*, 826 F.2d 1270, 1274 (3d Cir.1987) (citing *Carver v. Consolidated Rail Corp.*, 600 F.Supp. 125, 125–26 (E.D.Pa.1984)); *see also Norfolk & W. Ry. v. Liepelt*, 444 U.S. 490, 493, 100 S.Ct. 755, 757, 62 L.Ed.2d 689 (1980). "The award of prejudgment interest in a case under federal law is a matter left to the sound discretion of the trial court. Awards of prejudgment interest are governed by considerations of fairness and are awarded when it is necessary to make the wronged party whole." *Acequia, Inc. v. Clinton*, 34 F.3d 800, 818 (9th Cir.1994) (quoting *Purcell v. United*

---

**6.** I should not shrink from properly awarding punitive damages recoverable under California law. Otherwise, I might inadvertently encourage defendants to file bankruptcy cases and remove their nondischargeability actions from state court to the bankruptcy court in an effort to avoid punitive damage awards.

 Plaintiff requested $143,871.50 in attorneys fees. Plaintiff did not submit time records to support this amount. The requested amount seems very high for this type of litigation. "California has long followed the rule that punitive damages must bear a reasonable relation to the

actual injury suffered." *Gagnon v. Continental Casualty Company*, 211 Cal.App.3d 1598, 1602, 260 Cal.Rptr. 305 (1989) (citing *Russell v. Dennison*, 45 Cal. 337, 342 (1873)).

**7.** CCC § 3288 states:

 In actions other than contract. In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury.

Cal.Civ.Code § 3288 (West 1996).

*States,* 1 F.3d 932, 942–43 (9th Cir.1993)). The award of prejudgment interest in a case under federal law "is a matter left to the sound discretion of the trial court." *United States v. California State Bd. of Equalization,* 650 F.2d 1127, 1132 (9th Cir.1981).

Although Code §§ 523(a)(2) and (a)(6) do not specifically mention an award of interest, the Supreme Court has held that "the failure to mention interest in [federal] statutes which create obligations has not been interpreted by this Court as manifesting an unequivocal Congressional purpose that the obligation shall not bear interest." *Rodgers v. United States,* 332 U.S. 371, 373, 68 S.Ct. 5, 6–7, 92 L.Ed. 3 (1947) (citing *Billings v. United States,* 232 U.S. 261, 284, 34 S.Ct. 421, 425, 58 L.Ed. 596 (1914)).

Accordingly, I exercise my discretion and award prejudgment interest to Plaintiff. Interest shall be computed at the 52–week treasury bill rate from the "time demand is made or an adversary proceeding is instituted unless the amount of the contested payment was undetermined prior to the bankruptcy court's judgment." *Acequia,* 34 F.3d at 818. This rate is appropriate unless a departure is "accompanied by a reasoned justification." *Blanton v. Anzalone,* 813 F.2d 1574, 1576 (9th Cir.1987) (citing *Western Pac. Fisheries, Inc. v. SS President Grant,* 730 F.2d 1280, 1288–89 (9th Cir.1984)).

## IV. Plaintiff is Entitled to an Award of Costs.

Plaintiff asks that it be awarded costs under Federal Rule of Bankruptcy Procedure

("FRBP") 7054(b)[8] and Local Bankruptcy Rule ("LBR") 130(a).[9]

In *Young v. Aviva Gelato, Inc.,* 94 B.R. 622, 624 (9th Cir. BAP1988), *aff'd* 930 F.2d 26 (9th Cir.1991), the Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") stated that FRBP 7054(b) derived its authority from Federal Rule of Civil Procedure ("FRCP") 54(d). *Id.* FRCP 54(d) states, in relevant part, "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Fed.R.Civ.P. 54(d).

 In *Gelato,* the BAP stated that the "Ninth Circuit has consistently recognized that the trial court has discretion as to what costs to allow...." *Gelato,* 94 B.R. at 624. Costs should be awarded to the prevailing party only if the costs were necessary and reasonable. "It is recognized that costs under Fed.R.Civ.P. 54(d) are properly denied if 'the prevailing party's taxable costs are unnecessary or unreasonably large.'" *Id.* at 625 (quoting *White & White, Inc. v. American Hosp. Supply Corp.,* 786 F.2d 728, 731 (6th Cir.1986)).

Debtors argue that Plaintiff's costs were not necessary or reasonable. For example, Debtors cite a trip to Washington to take a deposition as a needless and unreasonable expense. Plaintiff responds that the witness'

8. FRBP 7054(b) states, in relevant part:
 The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides.
 Fed.R.Bankr.P. 7054(b).

9. There is no LBR 130(a). Plaintiff is referring to LBR 130(1). LBR 130(1) states:
 When costs are allowed by the F.R.B.P. or other applicable law, the court may award costs to the prevailing party....
 The prevailing party shall be defined as follows:
 (a) *Recovery on the Complaint.* The Plaintiff is the prevailing party when it recovers on the entire complaint.

 (b) *Partial Recovery.* The Court shall determine the prevailing party when there is a par-

tial recovery or a recovery by more than one party.

No costs shall be allowed unless a party qualifies as, or is determined by the court to be, the prevailing party under this Local Bankruptcy Rule.
Local Bankr.R. 130(1) (U.S. Bankruptcy Court, Central District of California).

682

physical condition and the importance of her testimony regarding Debtors' knowledge of financial statements necessitated the trip to Washington to take the deposition.

At this time, I do not have enough information to make a proper determination on the reasonableness and necessity of Plaintiff's requested costs. Therefore, I hold that Plaintiff is the prevailing party pursuant to LBR 130(1). Additionally, under FRBP 7054(b), Plaintiff is entitled to its necessary and reasonable costs.

### CONCLUSION

Plaintiff is the prevailing party in this adversary proceeding and is entitled to an award of $50,000.00 exemplary damages, prejudgment interest, and costs. Plaintiff, however, is not entitled to its attorneys fees. Within 10 days from the entry of this memorandum opinion, Plaintiff shall lodge with this court a judgment consistent with my findings herein and a declaration setting forth the basis for its reasonable costs. Debtors shall have the regular lodgement period to file any objections to the judgment.

Separate findings of fact and conclusions of law with respect to this ruling are unnecessary. This memorandum opinion shall constitute my findings of fact and conclusions of law.