[Civ. No. 4586. Fifth Dist. June 15, 1981.]

MARTHA ELISA SPRAGUE, Plaintiff and Appellant, v.
FRANK J. SANDERS LINCOLN MERCURY, INC.,
Defendant and Respondent.

COUNSEL

Luke G. Conley III for Plaintiff and Appellant.

Crossland, Crossland, Caswell & Bell, Crossland, Crossland, Chambers & MacArthur and Paul T. Chambers for Defendant and Respondent.

OPINION

BROWN (G. A.), P. J.—In this action founded upon fraud, plaintiff, Martha Elisa Sprague, appeals from a judgment by the court vacating a judgment entered upon a jury verdict and entering a different judgment pursuant to Code of Civil Procedure section 663, subdivision 2.

The critical question relates to the proper measure of damages, which in turn is dependent upon a determination of whether the action is one falling under the provisions of Civil Code section 3343 (fraud in purchase, sale or exchange of property; additional damages) or is a tort action for deceit in which the governing damage statutes are Civil Code section 1709 (deceit; damages) and Civil Code section 3333 (torts in general). The trial court held that Civil Code section 3343 governed.

The complaint alleges and the evidence at trial showed that on August 11, 1971, plaintiff entered into a contract to purchase a new 1971 Mercury Comet automobile from defendant car dealer, and on August 17, 1971, the balance of the full purchase price of $2,653 was paid. Beginning August 20, 1971, through September 4, 1972, the plaintiff returned her car numerous times (apparently in the vicinity of 24 times) under the warranty for repair of various defects and problems that had arisen in the operation of the automobile. One time it was returned for damages caused to the vehicle in an automobile accident. In substance, the gravamen of the complaint and proof is that on each of those occasions the defendant intentionally, falsely and fraudulently represented that if plaintiff would leave the car for repairs the repairs would be properly made; that the representation was made in order to induce plaintiff to leave her car with defendant so that the defendant could represent to the manufacturer, the Ford Motor Company, that the repairs were made and collect from the Ford Motor Company for the work; and that plaintiff justifiably relied upon the representations and left her car with the defendant. Upon conclusion of each of the time periods during which defendant kept the car, defendant falsely, fraudulently and with the intent to deceive plaintiff represented the defects and problems had been repaired or corrected and induced her to retrieve the car in an unrepaired condition. That in reliance upon the false and fraudulent representations plaintiff was persuaded to forego her right to rescind the contract of purchase, believing the car would be repaired correctly. The complaint seeks special damages consisting of loss of use of the car, incidental transportation expenses while the car was being repaired and while in storage, storage charges, general damages for mental pain and suffering, and punitive damages.

The jury returned a verdict consisting of $8,500 compensatory damages and $5,000 punitive damages. The answers to the special interrogatories submitted to the jury make clear that the jury made the appropriate specific findings essential to a conclusion that the defendant

was guilty of fraud and deceit proximately causing the plaintiff damage.[1] As to the damages, the jury found that the $8,500 compensatory damages consisted of $7,500 for purchase of a comparable vehicle and $1,000 for reasonable transportation expenses during the time plaintiff was without her car.

Upon motion of the defendant, the judge vacated the jury verdict of $8,500 to the extent of $7,500 and entered a new judgment consisting of $1,000 for compensatory damages and $5,000 punitive damages. The judge reasoned there was no evidence to support the $7,500 award. Plaintiff has appealed.

## DISCUSSION

Over plaintiff's objection, the trial judge ruled upon a motion *in limine* that plaintiff's cause of action did not sound in tort as an action for deceit but was an action on the contract for which the proper measure of damages is set forth in Civil Code section 3343.[2] The court's

---

[1]Civil Code secion 1710 defines deceit: "A deceit, within the meaning of the last section, is either:

"1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;

"2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;

"3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,

"4. A promise, made without any intention of performing it." See also Civil Code section 1572.

[2]Civil Code section 3343 provides: "(a) One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction, including any of the following:

"(1) Amounts actually and reasonably expended in reliance upon the fraud.

"(2) An amount which would compensate the defrauded party for loss of use and enjoyment of the property to the extent that any such loss was proximately caused by the fraud.

"(3) Where the defrauded party has been induced by reason of the fraud to sell or otherwise part with the property in question, an amount which will compensate him for profits or other gains which might reasonably have been earned by use of the property had he retained it.

"(4) Where the defrauded party has been induced by reason of the fraud to purchase or otherwise acquire the property in question, an amount which will compensate him for any loss of profits or other gains which were reasonably anticipated and would have been earned by him from the use or sale of the property had it possessed the characteristics fraudulently attributed to it by the party committing the fraud, provided that lost

evidentiary rulings during the course of the trial were consistent with its rulings on the motion *in limine*. Accordingly, the court did not allow any evidence of general damages consisting of mental pain, anguish and suffering and refused to submit that issue to the jury. We have concluded this ruling was error in that the action was one for the tort of deceit and the appropriate measure of damages is defined by Civil Code sections 1709[3] and 3333.[4] This measure includes general damages for mental distress and suffering.

 That general damages for mental pain and suffering are recoverable in a tort action of deceit is established by the cases. (See *Schroeder* v. *Auto Driveaway Co.* (1974) 11 Cal.3d 908, 921-923 [114 Cal.Rptr. 622, 523 P.2d 662]; *Murphy* v. *Allstate Ins. Co.* (1978) 83 Cal.App.3d 38, 46, 51 [147 Cal.Rptr. 565]; *Allen* v. *Jones* (1980) 104 Cal.App.3d 207, 215 [163 Cal.Rptr. 445]; cf., *Molien* v. *Kaiser Foundation Hospitals* (1980) 27 Cal.3d 916, 926-931 [167 Cal.Rptr. 831, 616 P.2d 813]; *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 432-434 [58 Cal.Rptr. 13, 426 P.2d 173].)

 Throughout the litigation plaintiff has taken the position that the action sounds in deceit, and it appears to us that she is correct.

 Initially, it is to be noted that Civil Code section 3343, subdivision (b)(2), expressly reserves the right to a defrauded party to bring an action in deceit. That subdivision states: "(b) Nothing in this section shall do either of the following:

---

profits from the use or sale of the property shall be recoverable only if and only to the extent that all of the following apply:

"(i) The defrauded party acquired the property for the purpose of using or reselling it for a profit.

"(ii) The defrauded party reasonably relied on the fraud in entering into the transaction and in anticipating profits from the subsequent use or sale of the property.

"(iii) Any loss of profits for which damages are sought under this paragraph have been proximately caused by the fraud and the defrauded party's reliance on it.

"(b) Nothing in this section shall do either of the following:

"(1) Permit the defrauded person to recover any amount measured by the difference between the value of property as represented and the actual value thereof.

"(2) Deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled."

[3]Civil Code section 1709 provides: "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

[4]Civil Code section 3333 provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

"... . . . . . . . . . . . . . . . .

"(2) Deny to any person having a cause of action for fraud or deceit any legal or equitable remedies to which such person may be entitled."

It is well settled that the same act may constitute a breach of contract and a tort and the plaintiff may make an election to sue in tort. In such case, "the contract as pleaded [has] nothing whatever to do with the liability other than to create a duty on the part of respondent herein, and the action is grounded not upon the contract, but upon the duty springing from the relation created by it." (*Automobile Ins. Co.* v. *Union Oil Co.* (1948) 85 Cal.App.2d 302, 307 [193 P.2d 48]; see also, *Eads* v. *Marks* (1952) 39 Cal.2d 807, 810 [249 P.2d 257].)

The case of *Murphy* v. *Allstate Ins. Co., supra,* 83 Cal.App. 3d 38 presents a situation analogous to that in the case at bench. In that case a husband and wife brought an action against their own insurance company, following a fire loss to their home, claiming that the insurer had acted wrongfully in failing to make payments to them and in procuring unqualified individuals to repair and restore the damaged property. The complaint recited causes of action for bad faith, intentional infliction of emotional distress, and fraud. The Court of Appeal reversed a trial court judgment granting a motion for summary judgment (which had been granted on the ground that the statute of limitations barred the policyholder's action) and stated, "Even if it should appear at trial that plaintiffs' cause of action for intentional infliction of emotional distress had accrued more than one year before this action was filed and that therefore recovery for all or part of their emotional distress on that theory is barred by the one-year statute, plaintiffs could nevertheless recover damages for their emotional distress on their causes of action for fraud or bad faith should they prevail on those causes of action." (*Murphy* v. *Allstate Ins. Co., supra,* 83 Cal.App.3d 38, 51.)

Significant is the court's further remarks: "None of plaintiffs' alleged causes of action are actions 'on the policy' of insurance. For the most part, the conduct complained of is alleged wrongful conduct of Allstate with respect to the repair and restoration of the damaged property and the employment of persons to do that work and the allegedly unjustified initiation and prosecution by Allstate of the interpleader action with its attendant delay of several years in payment to the plaintiffs of even those moneys admittedly owing under the appraisal award. The dam-

ages sought are not for any loss covered by the insurance policy but for damage to the plaintiffs' home and personal property resulting from the untimely and unworkmanlike efforts of the persons and firms Allstate either employed or caused plaintiffs to employ, for the expenses incurred by plaintiffs in connection with the interpleader action and the suit by F. J. Hyland against plaintiffs allegedly resulting from Allstate's failure to make prompt payment, and for plaintiffs' emotional distress resulting from all of the foregoing." (*Murphy* v. *Allstate Ins. Co., supra*, 83 Cal. App.3d at p. 46. See also *Schroeder* v. *Auto Driveaway Co., supra*, 11 Cal.3d 908, 921-923.)

█ The complaint and the proof in this case rather clearly demonstrate that plaintiff's suit is not on the contract, though the contract is the foundational backdrop giving rise to the action. Plaintiff does not seek to rescind the contract because of defects in the car nor to sue for damages for the breach of the contract. The complaint is not that the automobile was a "lemon" nor that there was a breach of warranty; rather, the complaint is that despite repeated representations by defendant that certain defects and difficulties with the car had been repaired and corrected, in reality they were not.

Accordingly, we conclude that the proper measure of damages in this case is the tort measure set forth in Civil Code sections 1709 and 3333 and not that prescribed by Civil Code section 3343.

█ Appellant also complains of the trial court's disallowance of two specific items of damages, consisting of (1) the amount of storage charges incurred for storage of plaintiff's vehicle between sometime in March 1973 and the time of trial in November 1978, and (2) the fact that the car had been stolen and damaged in an automobile accident while parked upon defendant's parking lot during one of the repair periods.

Because the court was proceeding under the wrong measure of damages, we need not consider these arguments in detail inasmuch as the trial court will undoubtedly reconsider the rulings under the correct measure of damages and the rules applicable to damages generally.

As to the storage charges, the court ruled it would not allow proof of storage charges, which apparently amounted to in excess of $4,000 for the period of time involved. In this regard, all that need be said is that some storage charges are theoretically within the proper measure of tort

damages providing they were proximately caused by the tort of deceit and were reasonable in amount.

As to the theft and damage to the vehicle while stored upon defendant's lot during repairs, on the record before us we see no possible theory upon which such evidence would be relevant in the deceit action, except to the possible extent allowed by the court, and that was that the $130 bill sent to plaintiff for repairs to the vehicle was for work which had never been completed.

The judgment is reversed.

Franson, J., and Hanson (P. D.), J., concurred.