142 F.3d 444
 2 Cal. Bankr. Ct. Rep. 44
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Juan PEREZ dba PCT Development, Debtor.
Juan Perez, Appellant,
v.
James A. HAVERKAMP; M.C. Taylor, Appellees.
 No. 97-16003.
B.A.P. No. NC-96-1186-RVRy.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted March 12, 1998.**
Decided April 2, 1998.
 
 Appeal from a Decision of the Ninth Circuit Bankruptcy Appellate Panel Russell, Volinn, and Ryan, Bankruptcy Judges, Presiding.
 Before SNEED, WOOD,*** and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debtor Juan Perez appeals a Bankruptcy Appellate Panel's ("BAP") order affirming a bankruptcy court's judgment of nondischargeability in an adversary proceeding filed by creditors James Haverkamp and M.C. Taylor, arising when Haverkamp and Taylor contracted with Perez to construct an addition to their house in Oakland, California. The BAP held that Perez defrauded Haverkamp and Taylor with a sham contract, and awarded damages that were nondischargeable under either 11 U.S.C. § 523(a)(2)(A) or 11 U.S.C. § 523(a)(6). We affirm.
 
 
 3
 The facts are known to the parties, and we shall not repeat them here.
 
 I.
 
 4
 Haverkamp and Taylor seek nondischargeable judgments against Perez pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6). Section 523(a) provides that a debtor is not entitled to be discharged from any debt:
 
 
 5
 (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
 
 
 6
 (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
 
 
 7
 ....
 
 
 8
 (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.
 
 
 9
 This court has adopted a five-part test to determine an exception to discharge under section 523(a)(2)(A):
 
 
 10
 (1) that the debtor made a representation;
 
 
 11
 (2) the debtor knew at the time the representation was false;
 
 
 12
 (3) the debtor made the representation with the intention and purpose of deceiving the creditor;
 
 
 13
 (4) the creditor relied on the representation;
 
 
 14
 (5) the creditor sustained damage as the proximate result of the representation.
 
 
 15
 In re Apte, 96 F.3d 1319, 1322 (9th Cir.1996); In re Kirsh, 973 F.2d 1454, 1457 (9th Cir.1992).
 
 
 16
 Section 523(a)(6) provides that an individual may not be discharged from debt for "willful and malicious injury" by the debtor to another entity or to the property of another entity. "Willful and malicious" does not require the creditor to prove that the debtor acted with intent to injure. Rather, it requires only that the creditor prove that there was a "wrongful act" which was "done intentionally" and which "necessarily produces harm," "even absent proof of a specific intent to injure." In re Cecchini, 780 F.2d 1440, 1443 (9th Cir.1986).
 
 
 17
 The bankruptcy court found that the construction contract that Perez entered into with Haverkamp and Taylor was a fraudulent "sham," thereby meeting the nondischargeability requirements of 523(a)(2)(A) and (a)(6). The trial record provides firm support for the bankruptcy court's conclusion that Perez used the contract merely as a device to obtain cash to allay his financial problems, and that Perez had no intention of performing the contract according to its terms. The record shows that: (1) Perez promised that the construction could be done for less than $100,000, whereas experts testified that it would be impossible to complete it on such a low budget; (2) Perez urged Haverkamp and Taylor to enter into the contract immediately so that Perez could complete the addition before the rainy season, whereas construction experts testified that the project could never be completed in such a short period; (3) Perez's employees misrepresented to Haverkamp and Taylor that work had been completed, thereby inducing Haverkamp and Taylor to make two progress payments; and (4) Perez promised Haverkamp and Taylor that he would work on the project without interruption in order to obtain the third progress payment, and then proceeded to quit once that payment had been received.
 
 
 18
 Perez maintains that the BAP was incorrect to conclude that his contract with Haverkamp and Taylor was a "sham." Perez argues that in order for the contract to have been a sham, he would have had to engage in "actual fraud," as defined by California Civil Code Section 1572. That statute defines fraud as consisting, in part, of a "promise made without any intention of performing it[.]" See Cal.Civ.Code § 1572.
 
 
 19
 Perez maintains that the BAP erred in finding fraud because "there is undisputed evidence that defendant did intend to, and did in fact, perform a substantial portion of the contract." Perez argues that the BAP could not have found that he did not have "any intention of performing the contract," as required by California Civil Code Section 1572, because he performed a "substantial" portion of the contract. We disagree. Even if Perez's assertion that he performed a substantial portion of the contract is accepted as true, it establishes at most that Perez had an intention of performing some of the contract. It assuredly does not establish that Perez had an intention of performing all of the contract. See Cal.Civ.Code § 1572.
 
 
 20
 In light of the aforementioned evidence that Perez did not intend to perform the contract according to its terms, we affirm the BAP's holding that the nondischargeability requirements of § 523(a)(2)(A) and (a)(6) have been met.
 
 II
 
 21
 The bankruptcy court determined that Haverkamp and Taylor's nondischargeable claim under § 523(a)(2)(A) was $69,000, and that their nondischargeable claim under § 523(a)(6) was $38,718.40. The court stated that Haverkamp and Taylor "may not recover on both claims," and "assume[d]" that "[s]ince the claim under § 523(a)(A) provides a greater recovery, ... Plaintiffs will rely on this award as the measure of their damages." Perez contends that the bankruptcy court erred in calculating Haverkamp and Taylor's nondischargeable claim under section 523(a)(2)(A). Perez maintains that, at most, Haverkamp and Taylor's nondischargeable claim is $13,169.
 
 
 22
 In determining the amount of damages to which Haverkamp and Taylor were entitled under section 523(a)(2)(A), the bankruptcy court applied the "out-of-pocket" rule, as opposed to the "benefit-of-the-bargain" rule. See In re Anguiano, 99 B.R. 436, 438 (9th Cir.BAP1989). The bankruptcy court determined that Haverkamp and Taylor suffered out-of-pocket damages in the amount of $69,000, the total that Haverkamp and Taylor transferred to Perez in the form of three progress payments.
 
 
 23
 Perez maintains that Haverkamp and Taylor received some benefit from his work, and that the bankruptcy court's calculation of out-of-pocket damages should have been reduced accordingly. However, the bankruptcy court's conclusion that Haverkamp and Taylor received no benefit from Perez's work is amply supported by the record. At the time he entered into the contract with Haverkamp and Taylor, Perez estimated that the entire project would cost $92,000. However, the total amount that Haverkamp and Taylor were forced to pay contractor Wayne Marzolf to complete the job was $105,382.93.[1] A substantial amount of Marzolf's work was devoted to correcting shoddy work done by Perez.
 
 
 24
 Perez argues that Marzolf's expenditures were inflated by "change orders" that were not provided for in the original contract. However, many of these change orders did not reflect upgrades but were instead corrections of work improperly done by Perez. The few genuine upgrades Haverkamp and Taylor asked Marzolf to make were credited to Perez in the calculation of Haverkamp and Taylor's damages. Because the bankruptcy court's determination that Haverkamp and Taylor received no value from Perez's work is not clearly erroneous, see Ragsdale v. Haller, 780 F.2d 794, 795 (9th Cir.1986), we affirm its award of $69,000 in out-of-pocket damages pursuant to section 523(a)(2)(A).
 
 III
 
 25
 The bankruptcy court also awarded Haverkamp and Taylor a nondischargeable judgment of $25,000 for emotional distress damages pursuant to § 523(a)(6). The court found that Perez's fraud took a great emotional toll on the creditors, in that the final cost of construction was beyond their means and they were confronted with the possible loss of their home. Perez contends that the bankruptcy court erred in awarding emotional distress damages to Haverkamp and Taylor.
 
 
 26
 In determining dischargeability under 11 U.S.C. § 523(a)(6), state law generally determines whether the plaintiff would have a claim against the debtor. See In re Klause, 181 B.R. 487, 492 (Bankr.C.D.Cal.1995). California law permits the recovery of emotional distress damages based on fraud. See Murphy v. Allstate Ins. Co., 83 Cal.App.3d 38, 147 Cal.Rptr. 565, 576 (Cal.Ct.App.1978). Accordingly, emotional distress damages may be awarded under 523(a)(6) to compensate for non-physical injuries caused by a debtor's willful and malicious acts. See In re Sotelo, 179 B.R. 214, 219 (Bankr.S.D.Cal.1995) (affirming $250,000 award for emotional distress damages as remedy for violation of section 523(a)(6)).
 
 
 27
 Perez argues that the general rule in California is that emotional distress damages are not recoverable for injuries resulting from a breach of contract. See Kwan v. Mercedes-Benz of North America, 23 Cal.App.4th 174, 28 Cal.Rptr.2d 371, 380 (Cal.Ct.App.1994). However, Haverkamp and Taylor seek damages under section 523(a)(6) not for a breach of contract but for willful and malicious acts committed by Perez. Whether Perez may also have breached a contract with Haverkamp and Taylor is irrelevant to whether Perez is liable for emotional distress damages. See Sprague v. Frank J. Sanders Lincoln Mercury, Inc., 120 Cal.App.3d 412, 174 Cal.Rptr. 608, 611 (Cal.Ct.App.1981). In light of the bankruptcy court's findings of willful and malicious acts by Perez which resulted in serious disruption to the personal lives of Haverkamp, Taylor, and their children, we hold that the bankruptcy court did not err in awarding Haverkamp and Taylor emotional distress damages of $25,000. See In re Anguiano, 99 B.R. 436, 438 (9th Cir.BAP1989) ("[T]he trial court is in the best position to determine the appropriate damages in each case and in view of all the circumstances surrounding the underlying action.").
 
 IV
 
 28
 Perez also appeals the BAP's affirmance of the bankruptcy court's award of $25,000 in punitive damages. Under California Civil Code Section 3294, punitive damages may be awarded "where the defendant's conduct has been outrageous, morally culpable or in conscious disregard of the rights of others, for the purpose of punishing him and deterring him and others from such conduct in the future." In re Klause, 181 B.R. 487, 492 (Bankr.C.D.Cal.1995). Section 3294 "specifically provides for the allowance of punitive damages in the case of fraud." Id. Evidence of the fraud must be by clear and convincing evidence. See Cal.Civ.Code § 3294(a). Punitive damages are " 'subject to findings of nondischargeability pursuant to section[ ] 523(a)(6)....' " In re Britton, 950 F.2d 602, 606 (9th Cir.1991) (quoting Moraes v. Adams (In re Adams), 761 F.2d 1422, 1428 (9th Cir.1985)).
 
 
 29
 The bankruptcy court awarded Haverkamp and Taylor $25,000 in punitive damages pursuant to section 523(a)(6). This award was amply supported by the bankruptcy court's findings concerning Perez's fraudulent conduct. Examples of such conduct include: (1) Perez caused his employees to do work out of order so as to make it appear that Perez was entitled to the next progress payment; (2) Perez attempted to suborn perjured testimony by persuading a former employee to sign a false declaration stating that Haverkamp had threatened him with a stick and that the employee was afraid of Haverkamp; and (3) Perez appeared cynical and unrepentant at trial.[2] In light of the egregiousness of Perez's fraudulent conduct, the bankruptcy court did not err in awarding punitive damages of $25,000.
 
 V
 
 30
 For the foregoing reasons, the judgment of the Bankruptcy Appellate Panel is affirmed.
 
 
 31
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This figure does not include $14,335.47 in direct payments made by Haverkamp and Taylor after Perez abandoned the project for labor, materials, and transferring building permits
 
 
 [2]
 The bankruptcy court noted that a punitive damages award of $25,000 "seems modest in proportion to the seriousness of the misconduct." However, the court determined that such an award was appropriate in light of Perez's financial condition. See In re Klause, 181 B.R. at 494 (debtor's financial condition may be considered in determining appropriate award of punitive damages)