**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSHA WRIGHT, an individual, | No. 23-55791 |
| Plaintiff-Appellee, | D.C. No. 3:17-cv-01996-RSH-MSB |
| v. | |
| OLD GRINGO, INC., a California corporation; ERNEST TARUT, an individual; OLD GRINGO, S.A. DE C.V., a Mexican corporation; YAN FERRY, an individual, | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| DOES, 1 through 30, inclusive, | |
| Defendant. | |
| MARSHA WRIGHT, an individual, | No. 23-55815 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01996-RSH-MSB |
| v. | |
| OLD GRINGO, INC., a California corporation; ERNEST TARUT, an individual; OLD GRINGO, S.A. DE C.V., a | |

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Mexican corporation; YAN FERRY, an individual,

               Defendants-Appellees,

and

DOES, 1 through 30, inclusive,

               Defendant.

Appeal from the United States District Court
for the Southern District of California
Robert Steven Huie, District Judge, Presiding

Argued and Submitted May 23, 2025
Pasadena, California

Before: WARDLAW and OWENS, Circuit Judges, and HINDERAKER,[**] District Judge.

Defendants Old Gringo, Inc., Old Gringo, S.A. de C.V., Ernest Tarut, and Yan Ferry appeal, and plaintiff Marsha Wright cross-appeals, from the district court's judgment following a jury trial in a diversity action under California law. "Orders on motions for new trial and remittitur are reviewed for abuse of discretion," while "[d]enials of motions for judgment as a matter of law are reviewed de novo." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022). "The district court's decision not to exercise its

---

[**] The Honorable John Charles Hinderaker, United States District Judge for the District of Arizona, sitting by designation.

2

equitable jurisdiction is reviewed for an abuse of discretion." *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not abuse its discretion in calculating Wright's economic damages for remittitur. A "remittitur must reflect the maximum amount sustainable by the proof." *Unicolors, Inc.*, 52 F.4th at 1087. "[T]he purpose of remittitur is to maintain the jury's verdict while 'lopping off an excrescence,'" which is "best achieved by 'minimiz[ing] the extent of judicial interference with a matter that is otherwise within the jury's domain.'" *Id.* (citations omitted). Defendants argue that the district court erred in calculating the amount of economic damages for remittitur, and should have determined that Wright suffered no economic damages at all. In particular, Defendants contend that the district court erred by only focusing on the year 2013 to calculate reliance damages. However, the district court did not abuse its discretion by setting a remittitur amount for economic damages of $157,500, given its duty to "reflect the maximum amount sustainable by the proof." *Id.*

2. The district court did not err by rejecting Defendants' argument that Wright was not entitled to emotional distress damages based on section 3343 of the California Civil Code, which applies to "[f]raud in purchase, sale or exchange of property." *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1415 (9th Cir.

1990) ("Cal. Civ. Code § 3343 . . . does not authorize an award of damages for emotional distress."). Defendants failed to sufficiently demonstrate that section 3343 applies to Wright's fraud claims. *See Sprague v. Frank J. Sanders Lincoln Mercury, Inc.*, 174 Cal. Rptr. 608, 610 (Ct. App. 1981) (holding that action did not fall under Cal. Civ. Code § 3343 and therefore "damages for mental pain and suffering [were] recoverable in a tort action of deceit" under Cal. Civ. Code §§ 1709, 3333). To the extent Defendants argue that Wright was not entitled to emotional distress damages under California common law, they did not adequately raise that argument in the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will not consider arguments that are raised for the first time on appeal.").

3. The district court properly rejected Defendants' argument that California gift law precluded Wright's claims. *See* Cal. Civ. Code §§ 1146-47. Wright did not seek enforcement of a "gift," and Defendants provide no authority that gift law foreclosed Wright's claims.

4. Regarding Wright's cross-appeal, the district court did not abuse its discretion by denying Wright's equitable claims because she had an adequate remedy at law. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020) (holding that a federal court sitting in diversity cannot award equitable relief under state law if an adequate legal remedy exists). That Wright's fraud

4

claims only permitted "out-of-pocket" damages, rather than "benefit-of-the-bargain" damages, does not mean that her legal remedy was inadequate.

**AFFIRMED**.